UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:10-cv-00435-JAW |
| GLENN A. BAXTER, | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS AMENDED COUNTERCLAIM**

The Court grants the counterclaim defendant's motion to dismiss a *pro se* amended counterclaim on multiple grounds: 1) that the counterclaim plaintiff does not have standing to file a civil action against the government for its decision not to initiate a prosecution; 2) that this Court does not have subject matter jurisdiction to review a Federal Communications Commission licensing decision; and, 3) that the Federal Tort Claims Act does not authorize a civil suit based on a governmental agency's alleged failure to perform its statutory duty.

**I. STATEMENT OF FACTS**

**A. Procedural Background**

On October 25, 2010, the United States of America (the Government) filed a complaint against Glenn A. Baxter, seeking to reduce to judgment a forfeiture order brought under Section 503(b) of the Communications Act of 1934, 47 U.S.C. § 503(b). *Compl.* (Docket # 1). On November 5, 2010, the Government filed an amended complaint and Mr. Baxter, acting *pro se*, filed an answer and counterclaim against the Government. *Am. Compl.* (Docket # 4); *Answer and Countersuit* (Docket

# 5). In response to the Government's amended complaint, Mr. Baxter, filed an answer to the amended complaint and an amended counterclaim on November 18, 2010. *Verified Answer to Amended Compl. and Am. $50,000,000 Countersuit* (Docket # 8) (*Countercl.*). On December 8, 2010, the Government moved to dismiss Mr. Baxter's amended counterclaim. *Mot. to Dismiss Am. Countercl.* (Docket # 12) (*Gov't's Mot*). On December 17, 2010, Mr. Baxter responded. *Verified Opp'n to Pl.'s Mot. to Dismiss Am. Countercl. and Incorporated Second Am. Countercl.* (Docket # 16) (*Baxter Opp'n*). The Government replied on January 3, 2011, and Mr. Baxter filed a sur-reply on January 6, 2011. *Reply to Def.'s Resp. to Mot. to Dismiss* (Docket # 17) (*Gov't's Reply*); *Def.'s Verified Reply to Pl.'s Reply to Def.'s Resp. to Mot. to Dismiss the Countercl. and Am. Countercl.* (Docket # 18) (*Baxter Sur-reply*).

**B.    Mr. Baxter's Counterclaim**

Mr. Baxter's Amended Answer and Counterclaim draws no lines between his answers to the Government's allegations and his counterclaims against the Government.[1] As such, the Court has difficulty knowing which portions of the document deny the Government's claim and which portions state a counterclaim and, further, what those claims are. It appears that Mr. Baxter bases his counterclaims on two separate grounds: 1) the Government's failure to prosecute individuals he insists interfered with radio transmissions, and 2) the Government's use of the forfeiture proceedings to delay the renewal of his amateur radio license. *Countercl.* at 3, 7, 8, 11. He seeks civil damages of $50,000,000 for "various torts"

---

[1] Mr. Baxter's counterclaim and subsequent briefs further make demands regarding discovery and procedure. *See Countercl.* Those issues are not before the Court in this motion to dismiss and are not considered.

2

and "for failure to process in a reasonable amount of time, [his] timely filed license renewal application for Amateur Radio Station K1MAN . . . using the instant matter as a reason for delay in direct violation of federal law." *Countercl.* at 3 (citing 47 U.S.C. § 504(c)). He refers to his claim as "a simple tort counterclaim against [the United States], namely for intentional and malicious subversion of United States administrative process which has caused great distress and permanent damage to [Mr. Baxter] and [Mr. Baxter]'s family." *Id.* at 4. Mr. Baxter further alleges that employees of the Federal Communications Commission (the Commission) and the Department of Justice (DOJ) are in violation of 47 U.S.C. §§ 501 and 333 for encouraging interference with amateur radio transmissions and he requests the Court order their criminal prosecution. *Id.* at 7-8. Specifically, he asks the Court to forward his pleading to Senator Susan Collins so that she may "move in Congress to obtain a Special Prosecutor to prosecute all alleged criminal violations." *Id.* at 11. Finally, he requests a court order "that the license renewal for K1MAN be immediately granted." *Id.* at 11.

C. **The Government's Contentions**

The Government bases its motion to dismiss Mr. Baxter's counterclaims on Rules 12(b)(1) and 12(b)(6). FED. R. CIV. P. 12(b)(1) and (6). *Gov't's Mot.* at 1. The Government argues that the Court should dismiss Mr. Baxter's counterclaims under Rule 12(b)(1) because it lacks jurisdiction to hear the counterclaims. *Id.* at 3. It contends that the counterclaims are barred by sovereign immunity and that federal courts of appeals have exclusive jurisdiction over any claim not barred by

3

sovereign immunity. *Id.* at 8. The Government further argues that, even if the Court had jurisdiction to hear the counterclaims, the counterclaims should be dismissed under 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* at 8-10. It characterizes Mr. Baxter's claims as unadorned accusations that the Commission harmed him, which do not amount to a tort. *Id.*

### D. Mr. Baxter's Contentions

Mr. Baxter contends that the Government is estopped from asserting the Court lacks jurisdiction over his counterclaims because the Government "dragged" him into court by bringing its forfeiture claim. *Baxter Opp'n* at 2. He asserts that courts of appeals do not have jurisdiction over his claim because he is not seeking renewal of his amateur radio license or quicker action in the renewal process. *Id.* at 3. Instead, he asserts that his claims are private torts over which Congress waived sovereign immunity by way of the Federal Torts Claims Act (FTCA). *Id.* He uses his opposition and sur-reply as opportunities to clarify the nature of the torts he alleges. First, he alleges the Government committed a tort by using the forfeiture proceedings to delay his license renewal. *Id.* at 3. Second, he alleges the Government committed a tort by failing to prosecute those interfering with his radio transmission and thereby encouraging the interference. *Id.* at 4-5; *Baxter Sur-reply* at 3. He says he has suffered mental anguish and an inability to find work as a result of the alleged conduct. *Baxter Opp'n* at 4-5; *Baxter Sur-reply* at 4

## II. DISCUSSION

### A. Legal Standards

4

1.   *Pro Se* Complaints

The Court is "required to construe liberally a *pro se* complaint and may [dismiss it] only if a plaintiff cannot prove any set of facts entitling him or her to relief." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Id.* "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Id.*

2.   **Dismissal for Lack of Subject-Matter Jurisdiction**

Rule 12(b)(1) states that a party may assert the defense of lack of subject-matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). In ruling on such a motion, the Court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996). In addition, "the court may consider whatever evidence has been submitted." *Id.* Unlike in a 12(b)(6) motion, "The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 [summary judgment] motion." *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

3.   **Dismissal for Failure to State a Claim Upon Which Relief Can be Granted**

Rule 12(b)(6) provides, in part:

> Every defense to a claim for relief in any pleading . . . must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted . . . .

FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court "must assume the truth of all well-plead facts and give the plaintiffs the benefit of all reasonable inferences therefrom." *Genzyme Corp. v. Fed. Ins. Co.*, 622 F.3d 62, 68 (1st Cir. 2010). To survive a motion to dismiss, "a complaint must establish a plausible entitlement to relief." *Id.* (internal quotations omitted).

### B. Count I: Interference With Radio Transmissions

Mr. Baxter lacks standing to initiate criminal prosecutions against government officials. It is well established that "a private citizen has no authority to initiate a federal criminal prosecution." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (citing *Keenan v. McGrath*, 328 F.3d 610, 611 (1st Cir. 1964)).

Moreover, the Government's failure to initiate prosecutions under 47 U.S.C. §§ 501 and 333 is not civilly actionable because it is subject to sovereign immunity. "Generally speaking, the United States enjoys immunity from suit." *Roman-Cancel v. United States*, 613 F.3d 37, 41 (1st Cir. 2010). Congress waived the government's immunity from private tort actions in the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. The statutory waiver provides:

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person,

would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, section 2680 excludes discretionary government functions from 1346(b)'s waiver of immunity:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

Courts have repeatedly held that prosecutorial discretion falls into section 2680's discretionary function exception. In *K.W. Thompson Tool Co. v. United States*, 836 F.2d 721 (1st Cir. 1988), the First Circuit held that the discretionary function applied to the Environmental Protection Agency's (EPA) decision to initiate a criminal prosecution. There, the EPA prosecuted a firearms manufacturer for violations of federal environmental laws. *Id.* at 722-23. In turn, the manufacturer sued the EPA, alleging among other things that "the EPA breached its duty by initiating criminal prosecution rather than pursuing civil remedies." *Id.* at 729. In affirming the district court's dismissal of the claim, the First Circuit stated that "[d]ecisions concerning when, whether and whom to prosecute have traditionally been considered discretionary and have been held to fall within the discretionary function exception of 28 U.S.C. § 2680." *Id.* (citing *Pooler v. United States*, 787 F.2d 868, 871 (3d Cir.), *cert. denied*, 479 U.S. 849, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986);

7

*Gray v. Bell*, 712 F.2d 490, 513-14 (D.C. Cir. 1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984); *Bernitsky v. United States*, 620 F.2d 948, 955 (3d Cir.), *cert. denied*, 449 U.S. 870, 101 S.Ct. 208, 66 L.Ed.2d 90 (1980); *Smith v. United States*, 375 F.2d 243, 247-48 (5th Cir.), *cert. denied*, 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967)). The First Circuit further reasoned that the components of the prosecutorial determination "reflect the decision-maker's judgment of how best to enforce compliance and deter misconduct in others," and a court's interfering in the prosecutorial decision-making process, "would be engaging in judicial 'second guessing,' as well as trespassing upon an executive function." *Id.* Other courts have followed *K.W. Thompson*. *See Moore v. United States*, 213 F.3d 705, 709-10 (D.C. Cir. 2000); *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994); *Lichtman v. United States*, 316 Fed. Appx. 116, 120 (3d Cir. 2008); *Trupei v. United States*, 304 Fed. Appx. 776, 783 (11th Cir. 2008).

Pursuant to this authority, to the extent Mr. Baxter bases his claims on the Commission's or DOJ's failure to prosecute, the discretionary function exception is a jurisdictional bar. Since its alleged failure to prosecute is the only factual basis for Mr. Baxter's claims that the Government interfered with K1MAN transmissions, the Court dismisses those claims for lack of subject-matter jurisdiction.

### C. Count II: Allegations Relating to Radio License Renewal

#### 1. 12(b)(1): Lack of Subject-Matter Jurisdiction

The remainder of Mr. Baxter's claims relate to his license renewal application. The Government argues that the Court also lacks subject-matter

8

jurisdiction over those claims. 47 U.SC. § 402 sets forth the process for judicial review of Commission orders and decisions. It says that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28." The cross-referenced statute provides that "[t]he court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—(1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of Title 47." 28 U.S.C. § 2342. The exception to section 402(a) in subsection 402(b) provides:

> Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases: (1) By any applicant for a construction permit or station license, whose application is denied by the Commission. (2) By any applicant for the renewal or modification of any such instrument or authorization whose application is denied by the commission. . . . (6) By any other person who is aggrieved or whose interests are adversely affected by any order of the Commission granting or denying any application described in paragraphs . . . (1) [and] (2) . . . of this subsection."

In explanation of this framework, courts have held that the D.C. Circuit has exclusive jurisdiction over reviews of Commission licensing decisions. *WHDH, Inc. v. United States*, 457 F.2d 559, 560-61 (1st Cir. 1972); *Biltmore Forest Broadcasting FM, Inc. v. United States*, 555 F.3d 1357, 1384 (Fed. Cir. 2009); *Folden v. United States*, 379 F.3d 1344, 1356-57 (Fed. Cir. 2004). Moreover, the only court to consider the issue held that Commission decisions regarding amateur radio licenses fall within the ambit of 402(b). *Rippe v. FCC*, 528 F.2d 771, 772 (6th Cir. 1976).

9

This is consistent with the D.C. Circuit's reasoning that it has exclusive jurisdiction over "all cases involving the exercise of the Commission's radio-licensing power," including decisions "ancillary" to those expressly listed in section 402(b). *Tomah-Mauston Broadcasting Co. v. FCC*, 306 F.2d 811, 812 (D.C. Cir. 1962). Accordingly, the Court has no authority to intervene in or review the Commission's licensing decision.

Even if the Commission's conduct in this case is not a licensing decision within the meaning of section 402(b), the Court lacks jurisdiction to review any Commission order or decision. Section 402(a), in conjunction with 28 U.S.C. § 2342, grants the court of appeals exclusive jurisdiction to review final Commission orders. Courts have recognized only one statutory exception: 47 U.S.C. § 504(a)'s grant of jurisdiction to district courts to hear Commission forfeiture cases. *Action for Children's Television v. FCC*, 59 F.3d 1249, 1256 (D.C. Cir. 1995); *see also United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 462-63 (8th Cir. 2000) (reviewing statutory framework and holding that district court lacked jurisdiction to hear statutory and constitutional challenges to FCC regulations that plaintiff tried to "bootstrap" into forfeiture proceedings.); *Dougan v. FCC*, 21 F.3d 1489, 1490-91 (9th Cir. 1994) (holding that 47 U.S.C. § 504(a) "vests exclusive jurisdiction in the district courts to hear enforcement suits by the government *and* suits by private individuals seeking to avoid enforcement"). Mr. Baxter's counterclaim does not challenge the forfeiture but only the Commission's use of "the $21,000 forfeiture procedure to delay the license renewal process." *Baxter Opp'n.* at

3. As such it is not subject to section 504's limited exception to exclusive court of appeals jurisdiction over Commission orders.

That leaves a question, however, as to whether district courts may hear claims regarding agency proceedings when there has been no final Commission decision. The D.C. Circuit answered this question in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) (hereinafter *TRAC*). In *TRAC*, the plaintiffs alleged the Commission "unreasonably delayed" determining how to handle a telephone company's overcharges. 750 F.2d at 72. Plaintiffs sought a writ of mandamus to compel an agency decision. *Id.* The D.C. Circuit focused on the underlying jurisdictional issue, namely "whether a petition to compel unreasonably delayed agency action properly lies in this court or in the District Court, or whether the two courts have concurrent jurisdiction." *Id.* It held that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." *Id.* at 75 (emphasis in original).

The *TRAC* Court first noted that 47 U.S.C. § 402 and 28 U.S.C. § 2342 vest the court of appeals with exclusive jurisdiction over all Commission orders. *Id.* It then cited the All Writs Act, which provides that "the Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." *Id.* at 76 (citing 28 U.S.C. § 1651(a)). The court observed that the All Writs Act does not expand a court's jurisdiction but "empowers a federal court to issue writs of mandamus necessary to protect its

11

prospective jurisdiction." *Id.* Without such authority, "the statutory obligation of a Court of Appeals to review on the merits may be defeated by an agency that fails to resolve disputes."[2] *Id.*

Turning to the exclusivity of its jurisdiction, the D.C. Circuit stated that "even where Congress has not expressly stated that statutory jurisdiction is 'exclusive,' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." *Id.* at 77. The *TRAC* Court reasoned that Congress's lodging review of Commission decisions in the courts of appeals "manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power." *Id.* Moreover, it observed that neither the All Writs Act, nor the mandamus statute was "an independent grant of jurisdiction to a court;" together, they merely fill gaps in the availability of adequate review and remedy. *Id.* at 77-78. (citing 28 U.S.C. §§ 1651(a), 1661). Similarly, the *TRAC* Court held district court review impermissible under section 703 of the APA. *Id.* at 78 (citing 5 U.S.C. § 703). Although that provision provides for district court review when statutory review is inadequate, "[w]here statutory review is available in the Court of Appeals it will rarely be inadequate." *Id.* Finally, the D.C. Circuit articulated "compelling policy reasons" for exclusivity of appellate court review:

> Appellate courts develop an expertise concerning the agencies assigned them for review. Exclusive jurisdiction promotes judicial economy and fairness to the litigants by taking advantage of that expertise. In

---

[2] The D.C. Circuit suggested that its holding would apply with equal force where the Administrative Procedure Act authorizes courts to compel agency action that has been "improperly withheld or unreasonably delayed." *Id.* at 76-77 (citing 5 U.S.C. §§ 555(b), 706(1)).

12

> addition, exclusive jurisdiction eliminates any potentially conflicting review . . . and the delay and expense incidental thereto.

*Id.* (internal citations omitted). In sum, *TRAC* established that where statutes vest review of agency action in certain courts, those same courts have exclusive jurisdiction over claims arising from related delay or inaction from that agency.

In this case, to the extent the matters are reviewable at all, the statute provides that the courts of appeals, not this Court, have the authority to review the conduct that forms the basis for Mr. Baxter's complaints. He does not allege that such review is inadequate, and the law does not authorize this Court to encroach on the exclusive jurisdiction of other courts by entertaining Mr. Baxter's claims.

Moreover, Mr. Baxter cannot skirt the D.C. Circuit's exclusive jurisdiction by labeling his claim a tort under the FTCA. In addition to requesting that the Court rule on his license renewal, Mr. Baxter seeks money damages for the Commission's alleged torts in the licensing proceedings. *Countercl.* at 11. Specifically, Mr. Baxter alleges that the Commission violated 47 U.S.C. § 504(c) by using its notice of apparent liability against him in his license renewal proceedings. *Baxter Opp'n* at 3. He says "[t]his is clearly a tort for which civil damages are sought." *Id.* at 4.

It remains unsettled whether agency action or inaction that is subject to review pursuant to a specific statutory framework may be subject to FTCA claims. *See Sea Air Shuttle Corp. v. United States*, 112 F.3d 532 (1st Cir. 1997). However, the existing authority suggests that it may not. In *FCC v. ITT World Communications, Inc.*, 466 U.S. 463 (1984), the Supreme Court held that a district court did not have jurisdiction to enjoin the Commission's action as ultra vires when

review of the underlying Commission conduct lay in the court of appeals. The Court stated that "Litigants may not evade" jurisdictional provisions "by requesting the District Court to enjoin action that is the outcome of the agency's order." *ITT*, 466 U.S. at 468.

The *ITT* Court's reasoning strikes the Court as consistent with *TRAC* and applicable to Mr. Baxter's claim. The Communications Act places review of the Commission's licensing decisions in the D.C. Circuit and review of all other Commission decisions in the various courts of appeals. It would be inconsistent with that statutory framework to allow Mr. Baxter to evade the appeals courts' exclusive jurisdiction by claiming his action sounds in tort. Moreover, Mr. Baxter's claim raises the *TRAC* Court's concern that this Court might rule inconsistently with an appeals court as to whether the same Commission conduct amounted to wrongdoing. *See TRAC*, 750 F.2d at 78.

These concerns are consistent with the First Circuit's reasoning in *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532 (1st Cir. 1997). There, Sea Air brought a tort action against the Federal Aviation Administration (FAA), alleging that it had failed to follow its statutory mandate. *Sea Air*, 112 F.3d at 533. The district court dismissed the complaint on the ground that a federal statute placed exclusive jurisdiction to review FAA action in federal courts of appeals, "rendering Sea Air's FTCA complaint an improper collateral attack on the administrative process." *Id.* On appeal, Sea Air, like Mr. Baxter, asserted that its complaint was not about an agency decision but about the agency's tortious performance of its responsibilities.

*Id.* at 535. The First Circuit thought it "unlikely" that "an FTCA claim based on FAA inaction ever could be cognizable." *Id.* It reasoned that the Federal Aviation Act's grant of exclusive jurisdiction in the courts of appeals to review FAA actions, together with its lack of a private right of action, suggested "a congressional intent to limit review of the FAA's handling of complaints to the scheme set out" in the Aviation Act. *Id.* at 435-36. The *Sea Air* Court stated that "[t]he fact that the FTCA does not explicitly *exclude* such a claim in no way serves to support its existence." *Id.* at 436. This reasoning applies equally to the Communications Act's statutory framework. That sections 402 and 504 provide the exclusive avenues for review of Commission action suggests that Congress intended to limit review of the Commission's actions to that scheme.

Viewing *TRAC*, *ITT*, and *Sea Air* together, the Court is unwilling to exercise jurisdiction over an FTCA claim involving conduct subject to exclusive review in the appellate courts. *See also Abreu v. United States*, 468 F.3d 20, 30 (1st Cir. 2006) (Disallowing FTCA claim where it "would effectively be enforcing" another statutory remedial scheme "under the guise of a FTCA claim"). This unwillingness is in keeping with the "obligation to construe waivers narrowly and to resolve any ambiguity in favor of immunity." *Abreu*, 468 F.3d at 30 (citing *United States v. Williams*, 514 U.S. 531-32 (1995)). Unfortunately for our purposes, the *Sea Air* Court declined to rule categorically whether appellate courts' "exclusive jurisdiction to review the administrative process automatically foreclose[d] a tort suit, even if all elements of tort liability are present," because it was able to affirm the district court

15

on other grounds *Id.* at 536 n.8. Nevertheless, it reasoned from facts similar to those at bar that a district court likely does not have jurisdiction over an FTCA claim based on conduct exclusively reviewable in the courts of appeals.

Moreover, the *Sea Air* Court's grounds for affirming the district court's 12(b)(6) dismissal are illuminating to Mr. Baxter's case and help the Court determine, even if it does have subject-matter jurisdiction, Mr. Baxter's section 504(c) claim must be dismissed for failure to state a claim upon which relief can be granted.

### 2. 12(b)(6): Failure to State a Claim Upon Which Relief Can be Granted

The *Sea Air* Court held that the plaintiff failed to allege an actionable tort. It stated that "[i]t is virtually axiomatic that the FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs." *Id.* at 536 (internal quotations omitted). It reasoned that this rule is consistent with the language of the FTCA, which only creates liability "in the same manner and to the same extent as a private individual under like circumstances." *See id.* 28 U.S.C. § 2674. In that case, the plaintiff challenged the FAA's failure to enforce a federal statute. The *Sea Air* Court noted that this was conduct private persons could not engage in and had no "private party analogue." *Id.* at 437 n.12, 438. The First Circuit held that Sea Air failed to state a claim because it "challenged a type of conduct that private persons could not engage in, and hence could not be liable for under local law.'" *Id.*

at 537 (quoting *Sky Ad. Inc. v. McClure*, 951 F.2d 1146, 1147 n.2 (9th Cir. 1991)). Moreover, it reiterated its previous observation that "even where specific behavior of federal employees is required by federal statute, liability to the beneficiaries of that statute may not be founded on the [FTCA] if state law recognizes no comparable private liability." *Id.* (quoting *Zabala Clemente v. United States*, 567 F.2d 1140, 1149 (1st Cir. 1977)). The First Circuit further noted that its decision was in line with other courts, which have held that "an FTCA action is unavailable where the existence or nonexistence of the claim depends entirely upon Federal statutes." *Id.* at 437 n.11 (quoting *Johnson v. Sawyer*, 47 F.3d 716, 728-29 (5th Cir. 1995) (internal quotations omitted)).

Here, Mr. Baxter similarly failed to base his claim on anything other than an alleged violation of section 504(c). Despite the Court's obligation to construe a *pro se* complaint liberally in an effort to discern a cause of action from the facts alleged, the Court is unable to discern any common law or Maine tort from such a violation. Mr. Baxter only alleges that the Commission held his license renewal in abeyance pending the result of his forfeiture proceeding and that this harmed his ability to obtain a job and caused him and his family mental anguish. Conceding that the action is not for libel or defamation, he merely says it is for "damages." *Baxter Sur-reply* at 3. Merely alleging a violation of a federal statute and resulting damage is insufficient to plead a tort under any standard.

Perhaps most fatal to Mr. Baxter's claim is that he failed to plead facts connecting the Commission's alleged violation of section 504(c) to the harms he

allegedly suffered. First, he claims that he was unable to find a job because a Google search revealed that the Commission was fining him for $21,000. It is unclear how these allegations relate to the Commission's conduct in the license renewal proceedings. Mr. Baxter cites no law and makes no allegation to the effect that the Commission was obligated to keep the fine confidential. The only other harm he alleges is mental anguish. Any suit based on mental anguish alone fails because Mr. Baxter has failed to plead facts "that as a matter of law, exceed all possible bounds of decency in a civilized community." *Halco v. Davey*, 2007 ME 48, ¶ 14, 919 A.2d 626, 631. Therefore, even if the Court has jurisdiction to hear tort claims regarding the Commission's conduct in licensing proceedings, it dismisses Mr. Baxter's particular claim because he has failed to adequately plead facts upon which relief can be granted.

## III. CONCLUSION

Because the Court lacks subject-matter jurisdiction to hear both of Mr. Baxter's counterclaims, and because at least his second counterclaim fails to state a claim for which relief can be granted, the Court GRANTS the Government's Motion to Dismiss the Amended Counterclaim (Docket # 12).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2011