UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 1:10-cv-00435-JAW |
| GLENN A. BAXTER, | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION TO DISMISS**

On January 10, 2012, the Court issued an Order on the United States' motion for summary judgment, granting it in part and denying it in part. *Order on Mot. for Summ. J.* (Docket # 38). The Court imposed requested forfeitures on Count I in the amount of $3,000 and on Count II in the amount of $7,000. *Id.* at 38.

On January 19, 2012, the United States filed a partial voluntary dismissal with prejudice as to all remaining causes of action and asked that the Court's Order be reduced to judgment. *Mot. for Partial Voluntary Dismissal* (Docket # 40). On January 27, 2012, Mr. Baxter objected, citing Rule 54(b), observing that on February 8, 2012, he plans to file an appeal to the Court's January 10, 2012 decision on the motion for summary judgment, and he contends that because the First Circuit Court of Appeals may reverse the Court's Order and remand the case, "dismissal of this case with prejudice at this time is clearly not appropriate." *Objection to Mot. for Partial Voluntary Dismissal Dated 19 Jan. 2012* (Docket # 43). On January 30, 2012, the United States replied, indicating that granting its motion

will not affect Mr. Baxter's right of appeal and that Mr. Baxter did not offer a valid reason for his objection. *Reply to Objection to Mot. for Partial Voluntary Dismissal* (Docket # 44).

In addition, on January 28, 2012, Mr. Baxter filed another motion. *Def.'s Mot. for Leave to Present the Record of Pl.'s Dishonesty in This Case to the Jury for Their Consideration of a Monetary J. Against the Pl. for Actual Damages* (Docket # 45). In his latest motion, Mr. Baxter demands a jury trial "to examine the evidence in the record of dishonesty and wrongdoing by the Plaintiff in this case so that the jury can determine if and how much actual damage has accrued to the Defendant as a result of such dishonesty and wrongdoing." *Id.* at 1. He also reiterates his view of Rule 54(b) and correctly says that the summary judgments are "not final judgments." *Id.* Finally, he declines the United States' offer to dismiss the case with prejudice "in order to protect his rights of Appeal." *Id.*

Mr. Baxter's confusion is understandable. The final judgment rules are not easy to grasp. However, here, the United States is entirely correct. First, as Mr. Baxter notes in his second motion, the Order on the United States' motion for summary judgment is not yet appealable to the First Circuit Court of Appeals. Although the Court has ruled in favor of the United States on two of those claims, the United States would have a right to a trial on any remaining claims and no appeal would be ripe until all claims were finally resolved. Mr. Baxter cannot now appeal the Court's Order on the summary judgment motion and any attempted

appeal of the Order would be deemed interlocutory and would be remanded to the district court for disposition of the remaining claim.

Second, by moving to dismiss the remaining claims against Mr. Baxter and asking that judgment be entered, the United States is foregoing its right to pursue the $4,000 forfeiture against Mr. Baxter demanded in Count III, communications in which an amateur station licensee or control operator has a pecuniary interest. The dismissal with prejudice of the remaining claim could only benefit Mr. Baxter.

Third, Mr. Baxter does not have the right to a jury trial to determine the amount of damages the United States allegedly caused him. On May 23, 2011, the Court granted the United States' motion to dismiss his counterclaims, concluding that it lacked subject matter jurisdiction. *Order on Mot. to Dismiss Am. Countercl.* (Docket # 26). Of course, once the case is reduced to final judgment, Mr. Baxter has the right to appeal this ruling as well as the Court's decision on the United States' motion for summary judgment to the First Circuit Court of Appeals. He may not, however, at this point receive a jury trial on claims that the Court has dismissed.

This leads to the final point. Once judgment is entered, Mr. Baxter would have the undoubted right to appeal the judgment to the Court of Appeals for the First Circuit. By its motion to dismiss, the United States has hastened the day that Mr. Baxter may do what he plans to do: appeal this case.

In summary, there is no reasonable basis for Mr. Baxter to object. By granting the United States' motion, the Court effectively approves the United States' decision not to continue to pursue all its claims against Mr. Baxter and

allows (upon entry of judgment) Mr. Baxter to immediately pursue his right of appeal against the Court's decisions dismissing his Counterclaim and granting the United States' motion for summary judgment on the two forfeitures.

The Court GRANTS the United States' Motion for Partial Voluntary Dismissal (Docket # 40) and DISMISSES Count III of Plaintiff's Amended Complaint with prejudice and without costs. The Court ORDERS that the Clerk enter JUDGMENT in favor of the United States and against Glenn A. Baxter in the amount of $3,000 on Count I, willfully or repeatedly failing to respond to a Federal Communications Commission inquiry in violation of 47 U.S.C. § 308, in favor of the United States and against Glenn A. Baxter in the amount of $7,000 on Count II, willful or malicious interference with other radio transmissions in violation of 47 C.F.R. § 97.101(d), and against the United States and in favor of Glenn A. Baxter on Count III, communications in which an amateur station licensee or control operator has a pecuniary interest. The Court DENIES the Defendant's Motion for Leave to Present the Record of Plaintiff's Dishonesty in This Case to the Jury for Their Consideration of a Monetary Judgment Against the Plaintiff for Actual Damages (Docket # 45).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2012